CHARLES E. PATTERSON (CA SBN 120081)
CPatterson@mofo.com
BRIAN F. MCMAHON (CA SBN 235373)
BMcMahon@mofo.com
MORRISON & FOERSTER LLP
555 West 5th Street, Suite 3500
Los Angeles, California  90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

(Co-Counsel Continued on Last Page)

Attorneys for Plaintiff,
THE BOARD OF REGENTS FOR THE
UNIVERSITY OF TEXAS SYSTEM ON BEHALF
OF THE UNIVERSITY OF TEXAS AT AUSTIN

CONFORM COPY

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2011 AUG 15 PM 3: 22
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS FOR THE UNIVERSITY OF TEXAS SYSTEM ON BEHALF OF THE UNIVERSITY OF TEXAS AT AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>RYAN O'NEAL,<br><br>Defendant. | Case No.  2:2011-cv-05636 GAF (JEMx)<br><br>**AMENDED COMPLAINT FOR CONVERSION AND CONSTRUCTIVE TRUST; REQUEST INJUNCTIVE RELIEF**<br><br>JURY TRIAL DEMANDED |

  Plaintiff, The Board of Regents for the University of Texas System on behalf of The University of Texas at Austin, files this Amended Complaint for Conversion and Constructive Trust and requests injunctive relief against Defendant Ryan O'Neal, and would respectfully show, based on information and belief and otherwise, as follows:

la-1131904

## THE PARTIES

1. The University of Texas System was empowered by the Texas Constitution and is as such an instrumentality of the State of Texas. *See* TEX. CONST. art. VII, §§ 10, 11, 15, 18. The University of Texas System is composed of a number of different institutions, all of which are located within the State of Texas. *See* TEX. EDUC. CODE § 65.02. "The University of Texas at Austin is a coeducational institution of higher education within The University of Texas System. It is under the management and control of the board of regents of the University of Texas System." TEX. EDUC. CODE. § 67.02. The Board of Regents for The University of Texas System is the governing body of the University of Texas System, whose principal office and place of business is in Austin, Texas. TEX. EDUC. CODE § 65.11. The Board of Regents is authorized under the Texas Education Code to accept gifts on behalf of its member institutions, including The University of Texas at Austin. TEX. EDUC. CODE §65.31(e). The Board of Regents is also authorized under the Texas Education Code to bring suit "on behalf of a component institution of the University of Texas System to recover a . . . debt owed to The University of Texas System or a component institution of The University of Texas System." TEX. EDUC. CODE § 65.42. Accordingly, this lawsuit is brought by The Board of Regents for the University of Texas System on behalf of The University of Texas at Austin (in its entirety, "UT Austin").

2. Ryan O'Neal is a citizen and resident of the State of California. Upon information and belief, Mr. O'Neal currently resides at 21368 Pacific Coast Highway, Malibu, California, 90265. Mr. O'Neal may be served with process at 21368 Pacific Coast Highway, Malibu, California, 90265.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1332, because the matter in controversy is between an instrumentality of the State of

la-1131904

1  Texas and a citizen of the State of California. The amount in controversy also
2  exceeds $75,000.

3     4.  This Court has personal jurisdiction over Mr. O'Neal, as he resides in California, and as the property at issue in this lawsuit is believed to be located in California.

   5.  Venue is proper in this district, because a substantial part of the events or omissions on which the claim is based occurred in Los Angeles area.

## FACTUAL BACKGROUND

   6.  Farrah Fawcett was a film, television, and stage actress whose career in show business spanned over 30 years. She was also a native Texan who attended The University of Texas at Austin in the 1960s. During Ms. Fawcett's years as a student, she was discovered by a publicist which prompted her to move to California. Ms. Fawcett went on to appear in many television advertisements, television shows, and films. For example, Ms. Fawcett first appeared on the television show "Charlie's Angels" in 1976, and continued to frequently appear on screen and on stage for decades until the several years before her passing in 2009.

   7.  In the early 1980s, Fawcett was the subject of two famous portraits created by the artist Andy Warhol. Mr. Warhol gave those two portraits (hereinafter, the "Warhol Portraits") to Ms. Fawcett as a gift. Ms. Fawcett owned the Warhol Portraits for almost three decades until her death on June 25, 2009. Ms. Fawcett obtained insurance and paid the premiums for that insurance on the Warhol Portraits, and publicly and privately represented that the portraits belonged to her. Several years before her death, Ms. Fawcett allowed the Warhol Portraits to be displayed side by side in an art exhibition at the Los Angeles County Art Museum – which is believed to be the only time these portraits were on public display. The Warhol Portraits are estimated to have substantial value. The enduring value and public interest in the Warhol Portraits is a testament not only to Mr. Warhol's talent and artistry, but also to Ms. Fawcett's status as a cultural icon.

8. During her lifetime, Ms. Fawcett created the Fawcett Living Trust, an instrument that would govern the distribution of certain assets at her death that were not covered by her Will. In the Fawcett Living Trust, Ms. Fawcett left all of her artwork and objects of art to UT Austin. The specific trust language pertaining to Ms. Fawcett's artwork in the Fawcett Living Trust is as follows:

> Subject to any contrary disposition by Settlor pursuant to Paragraph 6.2(a) above, upon the death of Settlor, all of Settlor's artwork and any objects of art shall be distributed, outright and free of trust, to the University of Texas at Austin, Austin, Texas, for its general charitable purposes.

There are no contrary dispositions of the artwork in Ms. Fawcett's Estate other than the disposition in the Fawcett Living Trust.

9. Ms. Fawcett passed away on June 25, 2009, following an extended hospitalization and treatment for cancer. After her death, UT Austin received only one of Ms. Fawcett's Warhol Portraits. Thereafter, UT Austin discovered that Mr. O'Neal had taken possession of the missing portrait.

10. On information and belief, Mr. O'Neal has wrongfully converted the missing Warhol portrait that belongs to UT Austin. On information and belief, Mr. O'Neal also may have converted other works of art from Ms. Fawcett's collection that rightfully belong to UT Austin. Mr. O'Neal was not included in Ms. Fawcett's Will, nor in the Fawcett Living Trust, and Ms. Fawcett's express wishes as stated in the Fawcett Living Trust have been thwarted by such conversion. UT Austin files this lawsuit to recover the missing portrait that Ms. Fawcett left to her alma mater.

CLAIM 1: CONVERSION

11. Paragraphs 1 through 10 are incorporated by reference.

12. By virtue of the disposition of "all" of Ms. Fawcett's artwork and objects of art in the Fawcett Living Trust, UT Austin is the outright owner of all title and

interest in the Warhol Portraits. On information and belief, Mr. O'Neal wrongfully converted one of the Warhol Portraits. UT Austin has suffered substantial damages as a result of Mr. O'Neal's conversion of its property, in an amount exceeding $1,000,000.

13. UT Austin also requests that the Court impose a constructive trust on the Warhol portrait in Mr. O'Neal's possession and compel the transfer of the Warhol portrait to UT Austin. Alternatively, UT Austin seeks damages equivalent to the monetary value of the Warhol portrait that has been converted by Mr. O'Neal.

14. In addition to these remedies, pursuant to California Civil Code § 3336, UT Austin seeks compensation for the time and money properly expended in pursuit of the property.

15. In the event that a finder of fact determines that Mr. O'Neal intentionally took the Warhol portrait, and did so with malice, exemplary damages are properly awardable in this case pursuant to California Civil Code §3294(a).

## REQUEST FOR INJUNCTIVE RELIEF

16. UT Austin also requests injunctive relief from the Court, pursuant to Fed. R. Civ. P. 65, requiring Mr. O'Neal to maintain the Warhol portrait in a safe and secure location, and maintain sufficient insurance on the portrait, pending the outcome of this case. UT Austin is likely to prevail on the merits, and seeks injunctive relief to avoid any sale, loss, damage, or other disposal of the Warhol portrait. The Warhol portrait is an irreplaceable piece of art for which legal damages could not fully compensate UT Austin if the portrait is lost or damaged during the pendency of this dispute. Injunctive relief is proper to avoid such irreparable harm.

## JURY DEMAND

17. UT Austin demands a trial by jury on all issues so triable and tenders the appropriate fee.

la-1131904

## PRAYER FOR RELIEF

For these reasons, UT Austin asks that Ryan O'Neal be cited to appear and answer, and that the above-requested injunctive relief be granted, and that following a trial of this matter, judgment be entered against Ryan O'Neal for the following:

(i) The imposition of a constructive trust on the Warhol portrait, and an Order compelling Mr. O'Neal to transfer the Warhol portrait in his possession to its rightful owner, UT Austin;

(ii) Actual damages in an amount in excess of the jurisdictional minimum of this Court;

(iii) Exemplary damages, if applicable, in an amount determined by the trier of fact;

(iv) Pre- and post-judgment interest at the maximum rate allowable by law; and

(v) Costs of court.

UT Austin also requests all other and further relief to which it may show itself to be justly entitled.

Additional Counsel:
DAVID J. BECK (TX SBN 00000070) (*Pro Hac Admission Pending*)
dbeck@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010
Telephone: (713) 951-3700

ERIC J.R. NICHOLS (TX SBN 14994500) (*Pro Hac Admission Pending*)
enichols@brsfirm.com
TIMOTHY CLEVELAND (TX SBN 24055318) (*Pro Hac Admission Pending*)
tcleveland@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
515 Congress Avenue, Suite 1750
Austin, TX 78701
Telephone: (512) 708-1000
Facsimile: (512) 708-1002

| | | |
|---|---|---|
| 1 | Dated: August 11, 2011 | CHARLES E. PATTERSON |
| 2 | | BRIAN F. MCMAHON |
| | | MORRISON & FOERSTER LLP |
| 3 | | |
| 4 | | By: _For CEP w/Permission /s/ B.F. McM_ |
| | | Charles E. Patterson |
| 5 | | |
| 6 | Dated: August 11, 2011 | DAVID J. BECK |
| | | ERIC J.R. NICHOLS |
| 7 | | TIMOTHY CLEVELAND |
| | | BECK, REDDEN & SECREST, L.L.P. |
| 8 | | |
| 9 | | |
| | | By: _For DJB w/Permission /s/ B.F. McM_ |
| 10 | | David J. Beck |

Attorneys for Plaintiff
The Board Of Regents For The University Of Texas System On Behalf Of The University Of Texas At Austin

la-1131904

## PROOF OF SERVICE OF PERSONAL DELIVERY
(F.R.Civ.P. 5(b))
(C.C.P. 1011, 2015.5)

I am employed by First Legal Support Services, whose address is a 1511 W. Beverly Blvd., Los Angeles, California 90026. I am not a party to the within cause; and I am over the age of eighteen years.

I further declare that on August 15, 2011, I hand-served a copy of:

**AMENDED COMPLAINT FOR CONVERSION AND CONSTRUCTIVE TRUST; REQUEST INJUNCTIVE RELIEF**

on the following:

Martin d. Singer
Todd S. Eagan
LAVELY & SINGER
2049 Century Park East, Suite 2400
Los Angeles, CA 90067-2906

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Los Angeles, California, August 15 2011.

_____           _____
(Print Name)                                    (Signature)